UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vinh The MA,<br><br>                          Petitioner,<br><br>v.<br><br>Christopher J. LaROSE, et al.,<br><br>                          Respondents. | Case No.:  26-cv-1077-AGS-MMP<br><br>**ORDER REQUIRING RETURN** |

      Petitioner Vinh The Ma seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

      In March 2025, Ma, a "citizen of Vietnam," "entered the United States," was "apprehended by [the Department of Homeland Security]," and was "placed in detention, where he remains today." (ECF 1, at 3.) He argues that his detention since that day "under 8 U.S.C. § 1225(b)"—for nearly a year "without an individualized bond hearing"—"violates due process." (*Id.* at 4–6.)

      This challenge warrants an answer. Some courts have concluded that prolonged detention can violate due process even for those subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g., Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)

1

("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). So, by **February 24, 2026**, the government must answer. Any reply by the petitioner is due **February 27, 2026**, and the Court will hold a hearing on **March 3, 2026, at 1:00 p.m.**

Dated:  February 20, 2026

_____
Hon. Andrew G. Schopler
United States District Judge